BENJAMIN B. WAGNER
United States Attorney
JARED C. DOLAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN HERBERT SMITH, et al.,<br><br>Defendants. | CASE NO.  Cr. 2:12-cr-0300 MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
|---|---|

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, hereby stipulate as follows:

1.  The Court previously continued this matter to April 11 pursuant to a stipulation by the parties.

2.  By this stipulation, defendants now move to continue the status conference until June 13, 2013 and to exclude time between April 11, 2013 and June 13, 2013 under Local Code T4. Plaintiff does not oppose this request.

3.  The parties agree and stipulate, and request that the Court find the following:

    a.  The government has produced over 7,000 pages of discovery to date, which includes

FBI-302s, interview memoranda, the search warrants and affidavit, redacted transcripts of recorded conversations and telephone calls, business records from the Employment Development Department, and deposition transcripts from the prior civil case.  The government has also made available for inspection and copying at the FBI evidence seized pursuant to the search warrants and business records that were subpoenaed from various banks.  Finally, the government has made available for inspection and copying additional business records from the Employment Development Department. These records are voluminous.

  b. Counsel for defendants desire additional time to review and copy discovery for this matter and to conduct additional investigation.

  c. Counsel for defendants believe that failure to grant the above-requested continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d. The government does not object to the continuance.

  e. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 11, 2013 to June 13, 2013 inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period

within which a trial must commence.

IT IS SO STIPULATED.

DATED:     April 8, 2013.

DATED:     April 8, 2013

/s/ Jared C. Dolan
JARED C. DOLAN
Assistant United States Attorney

DATED:     April 8, 2013

/s/ Jared Dolan for
JOHN MANNING
Counsel for Defendant Ryan Herbert Smith

DATED:     April 8, 2013

/s/ Jared Dolan for
MICHAEL BARRETTE
Counsel for Defendant Rajinder Dhillon II

/s/ Jared Dolan for
SHARI RUSK
Counsel for Defendant Balwinder Khangura

**O R D E R**

IT IS SO ORDERED.

DATED:  April 12, 2013

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT JUDGE